DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHRISTOPH KEITH MASSAC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESTATE CHOCOLATE HOLE HOMEOWNERS )<br>ASSOCIATION, )<br>)<br>Defendant. )<br>) | Case No. 3:22-cv-0020 |

**APPEARANCES:**

**Atiim Dia Abraham, Esq.**
St. Thomas, VI
   *For Plaintiff,*

**Malorie Winne Diaz, Esq.**
Dudley Rich LLP
St. Thomas, VI
   *For Defendant*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

**BEFORE THE COURT** is the motion of Defendant, Estate Chocolate Hole Homeowners Association, to dismiss the complaint based upon lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6), filed on May 31, 2022. (ECF No. 10.) Plaintiff filed an opposition to the motion on June 14, 2022. (ECF No. 11.) The time for filing any reply has expired.[1] For the reasons stated below, the Court will grant the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the judgment entered in another proceeding, namely, *Bachman v. Hecht*, Case No. 3:85-cv-0022 (D.V.I.). That matter was largely resolved by way

---
[1] Replies to responses to Rule 12 motions are due within 14 days of the filing of the response. LRCi 6.1(b)(1).

of a settlement agreement. *See Bachman v. Hecht*, 659 F. Supp. 308, 310 (D.V.I. 1986) ("By settlement agreement dated June 10, 1985 ('Settlement Agreement'), between the ECH Landowners Association, Inc.[,] and defendant Massac, the majority of issues raised in the complaint were resolved."). Defendant attaches a copy of the agreement to its motion. ECF No. 10-1. According to Defendant, Arsene Massac, the named defendant in the *Bachman* case who entered into the settlement agreement with the landowners association, failed to comply with some of the terms of the agreement, which led to the entry of a Consent Judgment against him, wherein the sale of Parcel No. 537-3 Estate Chocolate Hole (Parcel 537) was ordered. Mot. at 4 (a copy of the Consent Judgment is attached to the motion and docketed at ECF No. 10-2).[2]

Plaintiff alleges in his Complaint (ECF No. 1) that he brings the action "*ex rel.* his deceased father, Christoph Massac [sic], who was a defendant" in the *Bachman* litigation and entered into a settlement agreement with Defendant to sell a parcel of property, namely Parcel No. 537-3 Estate Chocolate Hole, No. 11 Cruz Bay Quarter. Compl. at ¶¶ 4-6. The Complaint further alleges that Plaintiff has "satisfied his obligations to effectuate the sale and transfer title of parcel, yet, Defendant has not tendered payment." *Id*. at ¶ 10. Plaintiff seeks what he claims is the unpaid proceeds of the sale and interest thereon. *Id*. at ¶¶ 12-13, 16.

Plaintiff filed this action on March 30, 2022. In lieu of an answer, Defendant filed the instant motion to dismiss.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the case. The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F. 2d 1406, 1409 (3d Cir. 1991). Where the complaint does not allege facts sufficient to establish subject

---

[2] Upon inquiry, the Clerk of Court has informed the chambers of the undesigned that the physical file and documents for Civil Case No. 85-22 were destroyed in 2018 pursuant to Court protocol. The copy provided by Defendant is stamped a true copy by the Clerk of Court dated April 4, 1995. *See* ECF No. 10-2 at 6. Thus, the Court accepts its authenticity and the fact that it was entered into the record in that case.

matter jurisdiction of the court, a party can move to dismiss pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge may be brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F. 2d 884, 891 (3d Cir. 1977). When a factual attack is procedurally premature, the Court must treat the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F. 3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.").

In a facial challenge, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cnty. Domestic Relations Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006) (internal quotations omitted))). In addition to the complaint, the Court also may consider "documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Electronics, Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000) *quoted in Nellom*, 145 F. Supp. 3d at 476.

**B. Federal Rule of Civil Procedure 12(b)(6)**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Insurance Brokerage Antitrust Litig.*, 618 F. 3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010). *See also Ainger v. Great Am.*

*Assur. Co.*, Civil Action No. 2020-0005, 2022 U.S. Dist. LEXIS 171487, at *6 (D.V.I. Sept. 2022) ("At the Rule 12(b)(6) stage, 'courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.' . . . However, courts may also consider 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993)) and (collecting cases))).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

## III. DISCUSSION

Plaintiff alleges a breach of contract claim. Compl. at 4. The Complaint also includes a count titled "Damages." *Id*. at 5. However, the damages claim is the amount Plaintiff claims is owed as a result of the breach of contract. *Id*. at ¶¶ 22-23.

### *A. Subject Matter Jurisdiction*

Federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based only upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Clearly, the complaint in this matter does not assert admiralty/maritime claims. The Court examines the two remaining bases of subject matter jurisdiction.

**1. Federal Question**

Because the Government presents a *pre-answer* 12(b)(1) motion, the Court construes the motion as a facial challenge. In its analysis, the Court takes the allegations of the complaint and attached documents as true and considers whether the complaint alleges facts sufficient to establish the Court's jurisdiction over the case. "[J]urisdiction in the federal courts is limited . . . and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law . . . or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest . . . ." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011) (citations omitted). Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Id*.

The complaint identifies one primary cause of action as discussed herein. The breach of contract claim is not recognized under federal law, and Plaintiff cites to no federal statute or constitutional provision in support of his claim. Consequently, the Court is unable to identify any cognizable claim under federal law from the face of Plaintiff's complaint.

Case: 3:22-cv-00020-RAM-RM   Document #: 12   Filed: 11/02/22   Page 6 of 13

*Massac v. Chocolate Hole Homeowners Ass'n*
Case No. 3:22-cv-0020
Memorandum Opinion
Page 6 of 13

**2. Diversity**

Diversity jurisdiction is established when the citizenship of all plaintiffs is completely diverse from the citizenship of all defendants and the amount in controversy exceeds $75,0000.00. 28 U.S.C. § 1332(a). In the matter at bar, Plaintiff alleges that he is a "resident and domiciliary of St. Thomas, U.S. Virgin Islands." Compl. at ¶ 2. As for Defendant, Plaintiff alleges that it is a "domestic non-profit entity organized in the U.S. Virgin lslands." *Id*. at ¶ 3. Defendant concurs, stating that it "is a U.S. Virgin Islands entity, and is therefore a resident of the U.S. Virgin Islands for jurisdictional purposes." Mot. at 5 (citing the Complaint). However, it is well settled that for purposes of diversity the "citizenship of an unincorporated association is determined by the citizenship of its members. . . . 'For complete diversity to exist, all of the [association's] members "must be diverse from all parties on the opposing side."'" *Chestnut St. Consol., LLC v. Dawara*, 571 F. Supp. 3d 392, 396 (E.D. Pa. 2021) (citations omitted). It is unclear from the record whether Defendant is an incorporated or unincorporated association. For the purposes of this motion, the Court will surmise that, since Defendant is a landowners association, at least some of its members can be assumed to be residents and citizens of St. Thomas, U.S. Virgin Islands. Consequently, the Court makes a preliminary finding that no diversity of citizenship exists.

**3. Continuing jurisdiction**

Plaintiff asserts that, because the Court exercised jurisdiction over the case wherein the Settlement Agreement and Consent Judgment were entered, the Court continues to have jurisdiction over claims related to the agreements. Opp'n at ¶ 2. Because the nature of the agreements differ, the Court addresses them in turn.[3]

    **a. Settlement Agreement**

In support of his claim, Plaintiff attaches a document as Exhibit A, bearing the title "Settlement Agreement." ECF No. 1-1. As explained by Defendant, this "document" is

---

[3] As noted herein, when deciding a motion to dismiss, the Court may consider, in addition to the complaint and documents attached thereto, matters of public record and "'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010).

comprised of the first page of the Settlement Agreement and pages 3, 4, and 6 of the Consent Judgment at issue in this matter. Mot. at 3-4; ECF Nos. 10-1 and 10-2.

The general rule, as articulated by the Third Circuit Court of Appeals, is that "'a district court does *not* have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute[.]' We adhere to that view, and share it with the other federal courts that have addressed this issue." *Sawka v. Healtheast, Inc.*, 989 F. 2d 138, 141 (3d Cir. 1993) (quoting *Washington Hospital v. White*, 889 F. 2d 1294, 1298-99 (3d Cir. 1989)) (emphasis added). The court goes on to hold, however, that a court may retain jurisdiction to enforce a settlement agreement, but only when "a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction . . . ." *Sawka*, 989 F. 2d at 141.

The Settlement Agreement at issue was entered as part of the *Bachman* case. The *Bachman* court specifically declares that "no court action is needed to validate the settlements in this case." 659 F. Supp. 308, 310 n.1. While the Settlement Agreement was recorded by the Recorder of Deeds, it appears that no court order adopting it was entered nor does the opinion recorded at 659 F. Supp. 308 indicate that the Court intended to retain jurisdiction. This Court finds nothing in the language of the agreement or anything else in the available record that indicates the Court's intention to retain jurisdiction.

### b. Consent Judgment

Unlike the Settlement Agreement, the Consent Judgment is an order entered by the Court into the record. Courts generally retain jurisdiction to enforce their own orders. *See, e.g., Guilford v. City of Philadelphia*, Civil Action No. 94-5560,1995 U.S. Dist. LEXIS 12897, at *12 (E.D. Pa. Aug. 30, 1995) ("A district court always has jurisdiction to enforce its judgments, including consent judgments, if its original jurisdiction was proper."), *cited in E. Aaron Enterprises. v. WebPlus, Inc.*, Civil Action No. 2:07-CV-0585 (LDD), 2009 U.S. Dist. LEXIS 133943, at *4 (E.D. Pa. Mar. 31, 2009).

In addition, although the Consent Judgment does not specifically state that the Court retains jurisdiction to enforce it, the language in the final paragraph, "intervenor will be entitled to all attorney's fees incurred . . . if intervenor is required to seek further assistance

of this court to obtain full performance of the agreement," ECF No. 10-2 at 6, indicates such an intention. Thus, the Court finds that it has subject matter jurisdiction.

The Court now turns its attention to whether Plaintiff has alleged a plausible claim for relief.

## *B. Failure to State a Claim*

### 1. Standing

The Supreme Court of the Virgin Islands has declared that, in the Virgin Islands, the elements of a claim for breach of contract include: "(1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 620 (2017) (citing *Brouillard v. DLJ Mort. Capital, Inc.*, 63 V.I. 788, 797-98 (2015)).

Defendant does not dispute that it entered into the Consent Judgment regarding the sale of Parcel 537. However, Defendant claims that it never entered into any agreement with Plaintiff, and, thus, it owes no duty to Plaintiff. Mot. at 7-8. Both the Settlement Agreement and Consent Judgment were made between Defendant and Arsene Massac. *Id*.; ECF Nos. 10-1 and 10-2. Defendant further argues that Plaintiff, as a non-party to the agreements, has no standing to pursue any relief under the agreements. Mot. at 7-8. When deciding a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. The Court determines the issue of standing as a matter of law.

In the matter at bar, Plaintiff alleges that "Plaintiff, *ex. rel.*, his father, Christoph Massac [sic] (deceased),[4] was a Defendant in the District Court matter captioned *Bachman, et. [sic] al. v. Hecht, Massac and Morcher*, No. 85/22 . . . ." Compl. at ¶ 4. Plaintiff also alleges:

> A Settlement Agreement was executed by the parties on or about January 30, 1995[,] and Plaintiff, as attorney in fact, executed all documents necessary to list the property for sale and executed all deeds necessary to transfer title to the property. The Settlement Agreement was thereafter executed into an Order by Honourable Brotman on March 14, 1995.

---

[4] This appears to be a typographical error. Plaintiff is identified as Christoph Keith Massac, and Plaintiff identifies his father as Jean Paul Arsenio Massac in his opposition to the motion. Opp'n at 3, ¶ 11.

*Id*. at ¶ 10. No other allegations address how Plaintiff acquired any rights under or interest in the agreements. In his opposition to the motion, Plaintiff maintains that he has standing pursuant to the power of attorney granted to him by his father, Jean Paul Arsenio Massac. Opp'n at 3-4; ECF No. 11-1. Plaintiff cites no authority in support of his position.

> It is well settled that:
>
> [a]s a general matter, Article III of the United States Constitution requires that any plaintiff to a case have standing—that is, that the plaintiff has suffered an injury in fact, caused by the defendant's alleged conduct, and redressable by the relief sought. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008). "[T]he minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (citing *Sprint*, 544 U.S. at 289). Thus, a plaintiff in a breach of contract case has standing only where that party holds some title or interest created by the contract.

*Med-X Global, LLC v. Azimuth Risk Solutions, LLC*, Civ. No. 17-13086, 2018 U.S. Dist. LEXIS 144884, at *5 (D.N.J. Aug. 27, 2018). In *Med-X*, the plaintiff brought the suit against an insurer individually, as an assignee of the insured, Mario Becerril Trejo, and as attorney-in-fact of Trejo. *Id*. The court concluded that "Med-X has no rights under the contract at issue. It was not an original party to the contract." *Id*. The court explains:

> Med-X claims to be an attorney-in-fact of Trejo (Am. Compl. ¶ 26), but an attorney-in-fact lacks standing to sue in her own name. *See Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018) ("A power of attorney . . . 'does not transfer an ownership interest in the claim,' . . . but simply confers on the agent the authority to act 'on behalf of the principal[.]'") (quoting *W.R. Huff*, 549 F.3d at 108; *In re Complaint of Bankers Trust Co.*, 752 F.2d 874, 881 (3d Cir. 1984)). Med-X therefore lacks standing to sue in its own name.

*Id*. at *5-6 (footnote omitted). Even assuming *arguendo* that Plaintiff's father was the Arsene Massac who entered into the agreements with Defendant and that Plaintiff was granted his power of attorney to effectuate the sale of Parcel 537, applying the reasoning in *Med-X*, the Court finds that Plaintiff lacks standing to sue in his own name. Thus, Defendant is entitled to dismissal on that ground alone.

**2. Statute of Limitations**

In the event Plaintiff could allege facts demonstrating that he "stands in the shoes" of Arsene Massac or otherwise has standing, the Court addresses Defendant's statute of limitations argument.

The statute of limitations for contract claims in the Virgin Islands is six years. 5 V.I.C. § 31(a)(3)(A). Plaintiff admits that more than six years have passed since the Consent Judgment was entered and Parcel 537 was sold. *See* Compl. at ¶¶ 6-8. Plaintiff posits, however, that the "discovery rule" should apply to toll the statute of limitations. Opp'n at 4, ¶ 16. By applying this rule, Plaintiff claims that the statute of limitations started to run sometime after January 18, 2022, when he first was informed that no excess funds remained from the sale of Parcel 537. *Id*. at 4, ¶ 15.

While the Virgin Islands Supreme Court has not explicitly declared that the discovery rule is applicable to contract claims, it recited the rule favorably in *United Corp. v. Hamed*, 64 V.I. 297 (2016), a matter involving the six-year contract statute of limitations:

> "'The discovery rule tolls the statute of limitations when, despite the exercise of due diligence, the injury or its cause is not immediately evident to the victim.' . . . 'Under the discovery rule, the focus is not on the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff.'"

*Id*. at 305-06 (quoting *Santiago v. Virgin Islands Hous. Auth.*, 57 V.I. 256, 273 (2012) (internal quotation marks and alterations omitted))). Plaintiff likewise quotes from the *Santiago* opinion that "'[u]nder the discovery rule, the focus is not on "the plaintiff's actual knowledge, but rather whether the knowledge was known, or through exercise of diligence, knowable to the plaintiff."'" Opp'n at 5, ¶ 17. It is true that "[b]ecause the application of the discovery rule rests on when a party knew or should have known of its injury, it is typically a question of fact," *Hamed*, 64 V.I. at 306, and, consequently, not an issue normally resolved at the motion to dismiss stage of litigation. However, because the inquiry also focuses on when the knowledge was knowable to Plaintiff "through the exercise of diligence," the Court finds that it can decide the matter at this juncture of the proceedings.[5]

---

[5] The *Hamed* court held that the lower court erred when it decided the statute of limitations issue because it looked at documents outside of the pleadings without converting the motion for judgment on the pleadings to

The Complaint alleges:

> On or about July 6, 1995, ECHLA recorded a Consent to SaIe that states in pertinent part, "the proceeds of the sale of the above-referenced property have been deposited in escrow to be used in accordance with the term of the judgment. . . ." and via Defendant's Certified Resolution of the Board of Directors dated the same (i.e. July 6, 1995), verified the deposit the sum of $34,015.00 and, the availability of the deposit was attested.

Compl. at ¶ 8. The Complaint then alleges that "[a]t the time of the entry of the Order, the Defendant was represented by Nancy, D'Anna, Esq. Accordingly, the funds escrowed and any disbursements made therefrom to Plaintiff, would have ostensibly been directed from Defendant to its then-counsel of record, Attorney D'Anna" and that "Attorney D'Anna died in 2013." *Id*. at ¶¶ 9 and 11.

The Court notes that the Consent Judgment specifically provides:

> In order to pay the cost of the surveyor, Parcel no. 537 Estate Chocolate Hole, St. John, Virgin Islands, or any parcel subdivided therefrom shall be listed for sale on the St. John Multiple Listing Service ("MLS"). Defendant Massac specifically appoints his son Christopher Keith Massac as his attorney in fact to execute any and all documents necessary to list Parcel no. 537 for sale in accordance with the provisions of the instant agreement and, to sign, seal, execute, authorize, approve, deliver and acknowledge any deed necessary to transfer title to property sold pursuant to the listing mentioned above.

Consent Judgment (ECF No. 10-2) at 2-3. Thus, Plaintiff, having the authority and responsibility to execute the sale of Parcel 537, knew or should have known when the property was sold, which, according to the Complaint, occurred in July 1995, only four months after the entry of the Consent Judgment.

The Consent Judgment also provides:

> If the funds generated by the sale of Parcel no. 537 are in excess of the cost of preparation of the Plan of Subdivision and/or maps of estate roads or warranty deed, the excess funds will be utilized to pay the attorney's fees and costs incurred by Stylish WilIis, Esquire during the representation of

---

a motion for summary judgment and without giving notice to the parties and allowing the non-movant an opportunity to respond. 64 V.I. at 306-07. That ruling is distinguishable from the matter at bar where, here, the Court can make the determination based upon the allegations of the Complaint, the documents attached thereto, matters of public record, and the undisputed authentic documents that Defendant attached to its motion. *See Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010).

> Defendant Massac in the amount of Sixteen Thousand Dollars Eight Hundred Ninety Dollars ($16,890.00). If there are excess funds from the sale of Parcel No. 537 after payment of attorney fees, said funds will be delivered to Massac.

*Id*. at 3-4. As a signator to the Consent Judgment on behalf of Arsene Massac, as alleged in the Complaint, which the Court accepts as true for the purposes of this motion, Plaintiff knew or should have known that Massac was entitled to excess funds only, that is, any funds remaining only *after* the survey and plan costs and attorney's fees were paid from the proceeds of the sale.

Further, Defendant was charged, by the Consent Judgment, with keeping an "accurate accounting" of the survey and plan expenditures and to provide Massac quarterly reports thereof.  *Id*. at 3. Regarding events post-sale of Parcel 537, Plaintiff claims that the "parties communicated regularly subsequent to the entry of the 1996 [sic] Consent Judgment with respect to the money owed and Plaintiff was led to believe – through Defendant's attorney, that he would receive payment. The Defendant's attorney died, and Plaintiff, in order to protect his interest, brought a claim against the estate." Opp'n at ¶ 18.[6] However, the Complaint is silent regarding when Arsene Massac died, nor does it allege when the survey and planning of the subdivision were completed, the costs of which were to be paid by the sale proceeds and for which the property was ordered to be sold. ECF No. 10-2 at 2-3. Defendant also does not allege that Defendant failed to provide the quarterly reports as directed. Moreover, the Complaint is silent regarding any steps or other inquiries demonstrating due diligence that Plaintiff undertook between 1995 and 2013 to recover excess sales proceeds, if any. Again, "[u]nder the discovery rule, the focus is not on the plaintiff's actual knowledge, but rather 'whether the knowledge was known, or *through the exercise of diligence*, knowable to the plaintiff.'" *Santiago,* 57 V.I. at 273 (citations and internal quotation marks omitted), *quoted in United Corporation v. Hamed*, 64 V.I. 297, 305-06. Given Plaintiff's role in the sale of the property and his imputed knowledge of the provisions of the

---

[6] It is not clear whether these communications occurred between Defendant and Plaintiff or Defendant and Arsene Massac or both. Regardless, these claims are not allegations made in the Complaint. Consequently, the Court need not accept them as true. The only post-sale allegations appearing in the Complaint are that Attorney D'Anna died in 2013 and that Plaintiff filed a creditor's claim against her estate. Compl. at ¶¶ 11, 13.

Consent Judgment, the Court finds that any alleged breach of the Consent Judgment was knowable to Plaintiff through the exercise of diligence by at least 2013, long before the filing of the complaint herein on March 30, 2022. Consequently, the Court finds that any breach of contract claim asserted by Plaintiff in his Complaint is barred by the statute of limitations.

## IV. CONCLUSION

Because the Court finds that Plaintiff lacks standing and has failed to state a claim upon which relief can be granted, the Court will grant Defendant's motion to dismiss. An appropriate Order follows.

**Dated:** November 2, 2022                          /s/ *Robert A. Molloy*
                                                    **ROBERT A. MOLLOY**
                                                    **Chief Judge**